UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMAN AHMAD, | Case No. 2:23-cv-01378-DAD-JDP (PS) |
| Plaintiff, | **ORDER** |
| v. | DENYING PLAINTIFF'S MOTION FOR PERMISSION TO FILE DOCUMENTS ELECTRONICALLY |
| GAVIN NEWSOM, *et al.*, | |
| Defendants. | ECF No. 21 |
| | **FINDINGS AND RECOMMENDATIONS** |
| | THAT DEFENDANTS KELLY STONEHOUSE, LACIE STONEHOUSE, STEVEN STONEHOUSE, JOSE RODRIGUEZ, AND EL CONCILIO CALIFORNIA'S MOTION TO SET ASIDE DEFAULT BE GRANTED |
| | ECF No. 17 |
| | THAT DEFENDANTS' MOTIONS TO DISMISS BE GRANTED |
| | ECF Nos. 13, 14, 15, 25, & 27 |
| | THAT PLAINTIFF'S MOTION TO AMEND BE DENIED |
| | ECF No. 33 |
| | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

Plaintiff, proceeding without counsel, brings this action against eight defendants, alleging violation of his civil rights in relation to a state custody case. Defendants Kelly Stonehouse ("Kelly"), Lacie Stonehouse ("Lacie"), and Steven Stonehouse ("Steven"), Jose Rodriguez ("Rodriguez"), and El Concilio California ("El Concilio") have moved to set aside the clerk's entry of their default, and all defendants have moved to dismiss the complaint.[1] Also pending is plaintiff's motion for leave to file a second amended complaint. I recommend that defendants' motions be granted and plaintiff's motion be denied.[2]

## Motion to Set Aside Default

The court has the power to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). In deciding whether good cause exists, the court considers: "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)). "'[T]his tripartite test is disjunctive,' meaning that the district court" is free to deny the motion if any of these three factors is shown to exist. *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108-09 (9th Cir. 2000) (quoting *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991)). "[J]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984). When the moving party seeks timely relief from default "and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that

---

[1] To avoid confusion, this order refers to defendants Kelly Stonehouse, Lacie Stonehouse, and Steven Stonehouse by their first names.

[2] Plaintiff has also moved for permission to file documents electronically. ECF No. 21. Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge." E.D. Cal. L.R. 133(b)(2). "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception." E.D. Cal. L.R. 133(b)(3). Plaintiff's filing neither indicates whether a stipulation to file electronically was sought, nor demonstrates good cause for a departure from the normal filing procedure for unrepresented litigants. The motion is denied.

1  cases may be decided on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46
2  (9th Cir. 1986).

3        As argued by Kelly, Lacie, Steven, Rodriguez, and El Concilio, their default was entered
4  prematurely. Plaintiff served these defendants on or after July 12, 2023, the date this action was
5  commenced.[3] ECF No. 11-1 at 9-17. Thus, each had until at least August 2, 2023, to respond to
6  plaintiff's original compliant. *See* Fed. R. Civ. P. 12(a)(1)(A)(i). On that date, the parties filed,
7  pursuant to Local Rule 144(a), a stipulation extending the deadline to August 9, 2023.[4] ECF No.
8  4. However, on August 8, 2023, plaintiff amended his complaint, thereby eliminating defendants'
9  obligation to respond to the original complaint. ECF No. 7; *see* Fed. R. Civ. 15(a); *Forsyth v.*
10 *Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) ("[The] 'amended complaint supersedes the
11 original, the latter being treated thereafter as non-existent.'"). Instead, defendants were required
12 to respond within fourteen days of service of the amended complaint. *See* Fed. R. Civ. P.
13 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must
14 be made within the time remaining to respond to the original pleading or within 14 days after
15 service of the amended pleading, whichever is later."). Considering that plaintiff served his first
16 amended complaint on August 9, 2023, ECF No. 11-1 at 19-21, defendants had until August 23,
17 2023, to respond. Consequently, Kelly, Lacie, Steven, Rodriguez, and El Concilio were not in
18 default on August 17, 2023—the date of the Clerk of Court's entry of default—and their motions
19 to dismiss the first amended complaint, filed on August 23, 2023, were timely. Accordingly,
20 there is good cause to set aside their default.

---

[3] El Concilio and Rodriguez were served on July 12, 2023, Kelly on July 13, 2023, Steven on July 17, 2023, and Lacie on July 20, 2023. ECF No. 11-1 at 9-17.

[4] Local Rule 144(a) provides: "Unless the filing date has been set by order of the Court, an initial stipulation extending time for no more than twenty-eight (28) days to respond to a complaint, cross-claim or counterclaim, or to respond to interrogatories, requests for admissions, or requests for production of documents may be filed without approval of the Court if the stipulation is signed on behalf of all parties who have appeared in the action and are affected by the stipulation."

**Motions to Dismiss**

## I. Background

The first amended complaint alleges that in 2008, Lacie, Kelly, Steven, Rodriguez, and El Concilio falsely accused plaintiff of engaging in criminal conduct, resulting in his arrest. ECF No. 7 ¶ 31. Criminal proceedings were initiated, but the charges against plaintiff were allegedly dismissed due to "illegal fabrication of probable cause." *Id.*

The following year, plaintiff commenced a custody action in San Joaquin County Superior Court involving his child, J.A. *Id.* ¶ 32. In 2014, the Superior Court awarded partial custody of J.A. to Kelly and Steven, J.A.'s grandparents and Lacie's parents. *Id.* ¶ 40.[5] In August 2020, Kelly and Steven filed a request for full custody. *Id.* ¶ 41. Two months later, plaintiff filed his own request for primary custody of J.A. *Id.* ¶ 42.

On August 2, 2021, Superior Court Judge Seth Hoyt allegedly granted Kelly and Steven fully custody. *Id.* ¶ 43. Plaintiff appealed, and in December 2022, the California Court of Appeal reversed the trial court's decision and remanded the case for further proceedings. *Id.* ¶¶ 44-45. Plaintiff alleges that on remand, Judge Hoyt "issued a void order before remittitur issued granting full sole . . . custody of . . . J.A. to" Kelly and Steven. *Id.* ¶ 46.

In addition to challenging the propriety of that order, plaintiff claims that the trial court's proceedings were tainted. In that regard, he alleges that California and the San Joaquin County Superior Court "maintain and operate a unique underground court system" for family law cases. *Id.* ¶ 21. He further alleges that "there is a *de facto* underground justice system and regulations that functions by discriminating against immigrant and minority males, and in particular of Middle Eastern and Muslim origin, by depriving them of custody of their children . . . ."[6] *Id.* ¶ 22. The system allegedly permits "Custody Counselors," including defendant Rodriguez, to

---

[5] The complaint does not specify the custody arrangement ordered in 2014. However, plaintiff alleges that at all relevant times, Kelly and Steven were attempting to obtain full custody of J.A. ECF No. 7 ¶ 34. This suggests that the 2014 order awarded them only partial custody.

[6] Plaintiff alleges that he is a Pakistani immigrant and a practicing Muslim. ECF No. 7 ¶ 18.

4

ignore court rules and file "tardy court papers, mak[e] oral motions at hearings without notice, . . . mak[e] false representations to the court, [and] proffer[] illegal evidence . . . ."[7]  *Id*. ¶¶ 29-30.  He also alleges Custody Counselors provide recommendations that become "the *de facto* ruling of the Court."  *Id*. ¶ 25.

Liberally construed, the complaint alleges claims for deprivation of plaintiff's right to familial association under the First and Fourteenth Amendments, denial of equal protection under the Fourteenth Amendment, and conspiracy under 42 U.S.C. § 1985(3).  *Id*. at 11-26.  In addition to the above-mentioned defendants, plaintiff sues defendants Brandon Riley, the former Court Executive Officer of the San Joaquin County Superior Court; Gavin Newsom, Governor of California; and Martin Hoshino, former Administrative Director of the Judicial Council of California, in their official capacities.  *Id*. ¶¶ 5, 7, 11.  The remaining defendants are sued individually.

**II.     Legal Standards**

A party may move to dismiss a case for a lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A jurisdictional challenge made under Rule 12(b)(1) can be facial or factual.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial challenge, the moving party asserts that the allegations in the complaint are "insufficient on their face" to establish federal jurisdiction.  *Id.*  "Whether subject matter jurisdiction exists therefore does not depend on resolution of a factual dispute, but rather on the allegations in [the] complaint."  *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004).  In evaluating such a claim, the court accepts the allegations as true, and the plaintiff need not present evidence outside the pleadings.  *Id.*

In a factual challenge, the moving party "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Safe Air*, 373 F.3d at 1039.  "When challenged on allegations of jurisdictional facts, the parties must support their allegations by

---

[7] According to its website, the San Joaquin County Superior Court provides mediation, referred to as Child Custody Recommending Counseling, in cases involving custody disputes.  If the mediation is unsuccessful, the recommending counselor (i.e., the mediator) is required to make a recommendation to the court.  *See* https://www.sjcourts.org/divisions/family-court-services/.

5

competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97 (2010).  The court does not simply accept the allegations in the complaint as true.  *Safe Air*, 373 F.3d at 1039.  Instead, it makes findings of fact, resolving any material factual disputes by independently evaluating the evidence. *Friends of the Earth v. Sanderson Farms, Inc.*, 992 F.3d 939, 944-45 (9th Cir. 2021).  However, when "ruling on a jurisdictional motion involving factual issues [that] also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment." *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983).  Under this standard, "the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Id.*

A complaint may be dismissed for "failure to state a claim upon which relief may be granted."  Fed. R. Civ. P. 12(b)(6).  To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  The court construes a pro se litigant's complaint liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and will only dismiss a pro se complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017) (quoting *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014)).

1    Dismissal under Rule 12(b)(6) can be based on either: (1) lack of a cognizable legal
2 theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d
3 at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the
4 claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

**III.    Discussion**

A.    Defendants Riley, Newsom, and Hoshino

Defendants Newsom, Riley, and Hoshino argue that plaintiff's claims are barred by the Eleventh Amendment and the *Rooker-Feldman* doctrine. Alternatively, they argue that plaintiff's allegations are insufficient to state familial association, equal protection, and conspiracy claims. ECF Nos. 13-1, 25, & 27-1. I agree that plaintiff's claims against these defendants are barred by the Eleventh Amendment, and so I decline to address these defendants' remaining arguments.

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven Up Pete Venture v. Schweitzer*, 523 F.3d 948, 952 (9th Cir. 2008) (citing *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996)). This jurisdictional bar "extends not just to suits in which the state itself is named a party but also to those against an 'arm of the state.'" *Kohn v. State Bar of Cal.*, 87 F.4th 1021, 1026 (9th Cir. 2026) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977)); *see Seven Up Pete Venture*, 523 F.3d at 952 ("Generally speaking, a suit [brought] against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself.") (internal quotations omitted).

The California Superior Court and the Judicial Council of California are state agencies that enjoy immunity under the Eleventh Amendment to the same extent as California. *See Munoz v. Super. Ct. of L.A. Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024); *Wolfe*, 392 F.3d at 364 ("Given the role of the Judicial Council, it is clearly a state agency."); *Williams v. People of Cal.*, 2017 WL 3275968, *2 (C.D. Cal. June 12, 2017) (holding that the Los Angeles County Superior Court and Judicial Council of California are "state agencies and are shielded from suit under the Eleventh Amendment"); *see also Cortez v. Cnty. of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2002) ("[A]

state and its officials sued in their official capacity are not considered 'persons' within the meaning of § 1983, due to the sovereign immunity generally afforded states by the Eleventh Amendment."). Accordingly, plaintiff's claims against defendants Newsom, Riley, and Hoshino are barred by the Eleventh Amendment and must be dismissed.[8]

### B. Defendants Lacie, Kelly, Steven, Rodriguez, and El Concilio

Defendants Lacie, Kelly, Steven, Rodriguez, and El Concilio argue that plaintiff's familial association and equal protection claims should be dismissed because the complaint does not allege that they were state actors for purposes of 42 U.S.C. § 1983. ECF No. 14-1 at 8-11.

To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law. *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

The limited allegations concerning Lacie, Kelly, Steven, Rodriguez, and El Concilio do not establish that they were state actors. Plaintiff alleges that Rodriguez is an attorney and an officer of El Concilio, a corporation formed "for the purpose of . . . raising campaign funds for

---

[8] In addition to damages, plaintiff seeks an injunction restraining defendants "from the civil rights violations and discrimination alleged here." ECF No. 7 at 27. In *Ex parte Young*, the Supreme Court recognized that state officials can be sued for prospective relief to prevent future constitutional violations. 209 U.S. 123 (1908). "But *Ex parte Young* applies only in narrow circumstances, such as when a defendant can be 'subjected in his person to the consequences of his individual conduct.'" *Munoz*, 91 F.4th at 980; *see Los Angeles Cnty Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (holding that for *Ex parte Young* to apply, "the state officer must have some connection with the enforcement of the [allegedly unconstitutional act."). Plaintiff, however, does not allege facts suggesting ongoing violations of his civil rights or that defendants are likely to violate his rights in the future. In any event, the alleged constitutional violations are predicated on the state court's purported mishandling of plaintiff's custody case. This court has "no power to resolve claims brought against state courts or state court judges acting in a judicial capacity." *Munoz*, 91 F.4th at 981; *see Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (emphasizing that "'an injunction against a state court' or its 'machinery' 'would be a violation of the whole scheme of our Government'").

1    local judges in return for favorable treatment to [Rodriguez's] law practice . . . ."[9]  ECF No. 7
2    ¶¶ 6, 20.  Kelly and Steven were parties to the custody case, while Lacie is merely alleged to be
3    the biological mother of plaintiff's child.  Thus, these defendants are private persons for purposes
4    of 42 U.S.C. § 1983.
5        Plaintiff argues, however, that these defendants should be considered to have acted under
6    color of state law because the complaint "alleges a 'conspiracy' with State actors."  ECF No. 18
7    at 4.  He explains that these defendants "were willful participants in joint activity with the State of
8    California Superior Court and" defendants Riley, Newsom, and Hoshino.  *Id*. at 6.
9        In deciding whether a private party acted under color of state law, courts "start with the
10   presumption that private conduct does not constitute government action."  *Sutton v. Providence*
11   *St. Joseph Med. Center*, 192 F.3d 826, 835 (9th Cir. 1999); *see Price v. Hawaii*, 939 F.2d 702,
12   707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").
13   "[S]tate action may be found if, though only if, there is such a close nexus between the state and
14   the challenged action that seemingly private behavior may be fairly treated as that of the state
15   itself."  *Brentwood Academy v. Tenn. Secondary Sch. Athletic Assoc.*, 531 U.S. 288, 295 (2001).
16   Thus, private persons may be considered state actors if they "jointly engage with state officials in
17   [a] challenged action."  *Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980).  "One way to establish joint
18   action is to demonstrate a conspiracy."  *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir.
19   1989).
20       Plaintiff's "joint action" theory rests on conclusory allegations that fail to demonstrate that
21   Lacie, Kelly, Steven, Rodriguez, and El Concilio acted under color of state law.  For instance,
22   plaintiff alleges that the State of California and its agents "maintain and operate a unique

---

[9] The complaint indicates that Rodriguez has previously served as a court-appointed mediator.  ECF No. 7 ¶ 29.  Arguably, Rodriguez could be a state actor if the alleged constitutional violations resulted from conduct related to his duties as a court-appointed mediator.  Plaintiff, however, does not allege that Rodriguez served as a court-appointed mediator in his custody case.  And even if he had, Rodriguez may be entitled to quasi-judicial immunity.  *See Mataele v. Nunn*, No, 08-cv1618-LAB (RBB), 2009 WL 10676459, *5 (S.D. Cal. July 29, 2009) (finding that the defendant was "entitled to quasi-judicial immunity in her capacity as a mediator for the San Diego County Superior Court").

underground court system among the California counties" with respect to "family law domestic cases involving contested custody." ECF No. 7 ¶ 21. This underground system allegedly permitted El Concilio and Rodriguez to ignore court rules. *Id.* ¶¶ 26-27. He further alleges that defendants conspired to submit false declarations and evidence and to induce perjured testimony. These arguably frivolous allegations are too conclusory to demonstrate that these defendants acted in conjunction with state officials. *See Price*, 939 F.2d at 708 (holding that "[c]onclusory allegations, unsupported by facts, [will be] rejected as insufficient to" establish that private individuals were acting under color of state law) (internal quotations omitted) (modifications in original).

### A. Familial Association Claims

The amended complaint also fails to provide sufficient factual allegations to state familial association claims. The Ninth Circuit has recognized that both the First and Fourteenth Amendments protect against the "unwarranted interference with the right to familial association . . . ." *Keates v. Koile*, 883 F.3d 1228, 1235-36 (9th Cir. 2018); *see Lee v. City of Los Angeles*, 250 F.3d 668, 685 (9th Cir. 2001) ("[T]he First Amendment protects . . . family relationships, that presuppose deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of thoughts, experiences, and beliefs but also distinctively personal aspects of one's life.") (internal quotations omitted); *Wallis v. Spencer*, 202 F.3d 1126, 1136 (9th Cir. 2000) (holding that the Fourteenth Amendment guarantees "that parents and children will not be separated by the state without due process of law except in an emergency"). To state a familial association claim under the First or Fourteenth Amendment, "a plaintiff must, as a threshold matter, show a government deprivation of life, liberty, or property." *Capp v. Cnty. of San Diego*, 940 F.3d 1046, 1060 (9th Cir. 2019) (citation omitted); *see Kaur v. City of Lodi*, 263 F. Supp. 3d 947, 973 (E.D. Cal. 2017) ("First Amendment rights to familial association are measured by the same standard as Fourteenth Amendment rights[.]").

Plaintiff does not identify any specific conduct by Lacie, Kelly, Steven, Rodriguez, or El Concilio that resulted in unwarranted interference with his rights to association with his child. Instead, he provides only conclusory allegations that defendants submitted false evidence and

provided false testimony that resulted in his loss of custody. Such allegations are insufficient to state a familial association claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.").

### 2. Equal Protection

Plaintiff similarly fails to state an equal protection claim. The Equal Protection Clause guarantees that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1, which the Supreme Court has described as "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff [usually] must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001).

Although plaintiff alleges that he is a Pakistani immigrant and a practicing Muslim, ECF No. 7 ⁋ 18, he does not allege facts indicating that defendants acted with discriminatory intent. Instead, it is merely his conclusion, unsupported by facts, that defendants' actions were intended to marginalize "minority men with Muslim religious beliefs." *Id.* ⁋ 66. These allegations are insufficient to state a claim. *See Ashcroft*, 556 U.S. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

### 3. 42 U.S.C.§ 1985(3)

Finally, plaintiff alleges a conspiracy claim under 42 U.S.C. § 1985(3). That section creates a civil action for damages caused by two or more persons who "conspire . . . for the purpose of depriving" the injured person of "the equal protection of the laws, or of equal privileges and immunities under the laws" and take or cause to be taken "any act in furtherance of the object of such conspiracy." 42 U.S.C. § 1985(3). To state a claim under § 1985(3), plaintiff must allege: (1) the existence of a conspiracy to deprive plaintiff of the equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) a resulting injury. *Addisu v. Fred Meyer,*

*Inc.*, 198 F.3d 1130, 1141 (9th Cir. 2000) (citing *Scott v. Ross*, 140 F.3d 1275, 1284 (9th Cir. 1998)). The first element requires that there be some racial or otherwise class-based "invidious discriminatory animus" for the conspiracy. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 989 (9th Cir. 2001). Of particular relevance, "the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations." *Caldeira v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989).

As with his other claims, plaintiff's § 1985(3) claim rests solely on conclusory allegations. Moreover, because plaintiff fails to adequately allege a § 1983 claim, he necessarily fails to state a conspiracy claim under § 1985(3).

Based on the foregoing, all of plaintiff's claims against defendants Lacie, Kelly, Steven, Rodriguez, and El Concilio should be dismissed. Because there is a possibility that plaintiff can cure the deficiencies to his claims against Lacie, Kelly, Steven, Rodriguez, and El Concilio, these claims should be dismissed with leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) ("[D]istrict court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.") (internal quotation marks and citation omitted).

**Motion to Amend**

Finally, plaintiff has filed a motion to amend his complaint, which was submitted with a proposed second amended complaint. ECF No. 33. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy of freely granting leave to amend should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). When determining whether to grant leave to amend, the court considers the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Granting or denying leave to amend rests in the sound discretion of the trial court and will be reversed only for abuse of discretion. *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Plaintiff's proposed second amended complaint is nearly identical to his first amended complaint. He now states that he sues defendants Newsom, Riley, and Hoshino in their individual capacities. ECF No. 33 ¶¶ 5, 7, 11. He also alleges that defendants have threatened to continue violating his civil rights and states that he "seeks prospective injunctive relief to enjoin Defendants, and each of them, from violating his herein mentioned *U.S. Constitutional* and civil rights."

Like the operative complaint, the proposed amended complaint does not allege facts demonstrating that Governor Newsom, Riley, or Hoshino were personally involved in violating plaintiff's constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."). Instead, plaintiff alleges that defendants Newsom, Riley, and Hoshino were responsible for supervising and training Superior Court employees and the other defendants in this case. ECF No. 33 ¶ 97. Plaintiff's conclusory allegations fail to state § 1983 claims defendants Governor Newsom, Riley, and Hoshino in their personal capacities. *See Hyde v. City of Willcox*, 23 F.4th 863, 874 (9th Cir. 2022) ("To prevail on a claim of supervisory liability for failure to train, the plaintiff must show that the official was 'deliberately indifferent to the need to train subordinates, and the lack of training actually caused the constitutional harm or deprivation of rights.'") (quoting *Flores v. Cnty. of Los Angeles*, 758 F.3d 1154, 1159 (9th Cir. 2014)).

Thus, plaintiff's motion to amend should be denied as futile.[10] However, as indicated above, plaintiff should be afforded an opportunity to amend his complaint to cure the deficiencies to his claims against defendants Lacie, Kelly, Steven, Rodriguez, and El Concilio.

Accordingly, it is hereby ORDERED that plaintiff's motion for permission to file documents electronically, ECF No. 21, is denied.

---

[10] The proposed amended complaint's allegations against Lacie, Kelly, Steven, Rodriguez, and El Concilio are identical to those in the first amended complaint. The proposed amended complaint thus fails to state claims against for the reasons discussed herein.

Further, it is RECOMMENDED that:

1. Defendants Kelly Stonehouse, Lacie Stonehouse, Steven Stonehouse, Jose Rodriguez, and El Concilio California's motion to set aside default, ECF No. 17, be granted, and the Clerk of Court be directed to set aside the entry of their default, *see* ECF No. 12.

2. Defendants' motions to dismiss, ECF Nos. 13, 14, 15, 25, & 27, be granted.

3. Plaintiff's claims against defendants Newsom, Riley, and Hoshino be dismissed without leave to amend.

4. Plaintiff's claims against defendants Lacie, Kelly, Steven, Rodriguez, and El Concilio be dismissed with leave to amend.

5. Plaintiff's motion for leave to amend his complaint, ECF No. 33, be denied.

6. Plaintiff be granted thirty days from the date of any order adopting these findings and recommendations to file an amended complaint.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 4, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

14