UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOMAN AHMAD,<br><br>    Plaintiff,<br><br>    v.<br><br>EL CONCILIO, LLC, *et al.*,<br><br>    Defendants. | Case No. 2:23-cv-1378-DAD-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff, proceeding pro se, brings this case against defendants El Concilio; Lacie, Kelly, and Steven Stonehouse; and Jose Raul Rodriguez.[1] ECF No. 45 at 1. There are two pending motions to dismiss, one filed by the Stonehouse defendants, ECF No. 46, and another filed by El Concilio and Rodriguez, ECF No. 47. Plaintiff has filed oppositions to each, ECF Nos. 50 & 51, and defendants have filed their replies, ECF Nos. 52 & 53. For the reasons stated below, I find that the motions to dismiss should be granted and all claims dismissed without leave to amend.

**I.    Legal Standards**

    A complaint may be dismissed under that rule for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to

---

[1] The complaint also references an uncertain number of "Doe" defendants who have not been identified or served. ECF No. 45 at 3.

1

state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. Iqbal, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956.  Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

## II.     Background

This action proceeds on the second amended complaint. ECF No. 45.  Therein, plaintiff brings five causes of action.  He asserts four § 1983 claims, three for violations of his Fourteenth Amendment due process rights and one for violation of his First Amendment right to free speech. *Id.* at 1.  He also brings a § 1985 claim alleging that defendants conspired to interfere with his civil rights. *Id.*  Plaintiff's allegations center on various state court proceedings that he describes as erroneous or corrupt.  He claims that, in 2008, all named defendants fabricated criminal allegations against him, causing him to be arrested. *Id.* at 7-8.  Then, in 2009, plaintiff litigated a child custody action against defendants Kelly and Steven Stonehouse and lost. *Id.* at 9.  He alleges that this loss is attributable to a conspiracy between the Stonehouse defendants, El Concilio, LLC, and the state courts in San Joaquin County, where plaintiff alleges "an underground justice system" is maintained. *Id.* at 14.

### III. Analysis

Plaintiff's claims fail at a basic level because, as defendants point out, no defendant is a state actor.[2] Under § 1983, a claimant must allege that the defendant acted under color of state law. *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020). Here, none of the defendants is a state official or state entity. The Stonehouse defendants are private citizens, Rodriguez is a private attorney, and El Concilio, LLC is a non-profit organization. ECF No. 45 at 2-3. Plaintiff attempts to remedy the situation by appending "while acting under color of state law" to his allegations. For instance, he alleges that defendants submitted perjured declarations and false statements concerning plaintiff's relationship with his child and contends that they did so "while acting under color of law and while engaging with state court officials." *Id.* at 13. Unfortunately for plaintiff, offering false testimony in a court case, however wrong such conduct might be, does not transform the witness into a state actor. *See Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (holding that "merely private conduct, however discriminatory or wrongful," does not violate the Fourteenth Amendment). And alleging engagement with state officials, without describing a plausible theory of that engagement, is insufficient. *See Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient."); *see also Price v. State of Hawaii*, 939 F.2d 702, 708 (9th Cir. 1991) (same).[3] I recognize that plaintiff has alleged the existence of a "underground justice system" wherein all the defendants and the state courts have conspired against him, but such allegations, which appear somewhat untethered to reality, are insufficient as well.

---

[2] Absent a viable section 1983 claim, plaintiff's section 1985 claim also fails. *See Marcus v. CDC & Prevention*, No. 2:22-cv-02383-SSS-ASx, 2024 U.S. Dist. LEXIS 105515, *9 (C.D. Cal. Jun. 12, 2024) ("However, Section 1985(3) does not create its own independent cause of action. . . . Rather, to plead a Section 1985(3) claim, a plaintiff must first successfully plead a violation of a substantive civil rights statute.") (internal citations omitted). And plaintiff's claims for injunctive and declaratory relief are not separate claims or theories, but merely alternative forms of relief.

[3] I have reviewed plaintiff's opposition, and, while he cites a great deal of case law pertaining to state actors, his allegations remain as conclusory and fanciful as in the operative complaint.

3

Even if plaintiff could establish that a defendant is a state actor, his claims also appear time-barred. His claims are subject to a two-year statute of limitations. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions, and in California this is two years). As defendants argue, plaintiff's claims against them stem from events in 2008 (his arrest) and 2009 (the parentage litigation), and, while litigation in persisted through 2023, there is specific no allegation that defendants violated his rights after July 12, 2021 (two years before this litigation was initiated). On the contrary, all of plaintiff's allegations appear to pertain to the earlier stages of that litigation.

Accordingly, I find that defendants' motions to dismiss should be granted and the operative complaint be dismissed without leave to amend. Plaintiff has already been afforded multiple chances to amend and his claims appear fundamentally flawed because, as stated above, none of the defendants is a state actor. *See Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 2021) ("A district court does not err in denying leave to amend where the amendment would be futile . . . .").

**IV.     Conclusion**

Accordingly, it is RECOMMENDED that:

1. Defendants' motions to dismiss, ECF Nos. 46 & 47, be GRANTED.

2. Plaintiff's second amended complaint, ECF No. 45, be DISMISSED without leave to amend.

3. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See*

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 9, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5